OPINION
Defendant-appellant Rubin John Szerlip (hereinafter "husband") appeals the December 8, 1999 Entry of the Knox County Court of Common Pleas, adopting a court-ordered appraisal report and ordering a full and final division of marital property. Plaintiff-appellee is B. Carol Szerlip (hereinafter "wife").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on March 21, 1981. On June 8, 1995, wife filed a Complaint for Divorce in the Knox County Court of Common Pleas. Husband filed a timely answer to the Complaint. The trial court scheduled a final hearing on the matter for August 14, 1997. Husband and wife reached a private agreement as to the division of household goods. Under the terms of the agreement, husband permitted wife to retain all household items, except for certain items contained in a list compiled by husband which were to be awarded to him. Wife did not transfer all of the listed items to husband, claiming she did not know the location of some of the items and that some of the items had been destroyed. The trial court awarded wife all of the household goods except for some of the items listed by husband. The trial court did not place a value on the household goods divided between husband and wife. The trial court filed the Decree of Divorce on October 10, 1997. Husband filed a timely Notice of Appeal to this Court. Via Memorandum-Opinion and Judgment Entry filed August 20, 1998, this Court remanded the matter to the trial court to "[c]onduct an appraisal of the household items that were divided between [wife] and [husband] and divide these items equally or in accordance with equity." Szerlip v. Szerlip (1998), 129 Ohio App.3d 506, 516. Upon remand, the trial court ordered Kenneth Love to conduct an appraisal of the household goods. The trial court further ordered the appraisal completed by November 23, 1999, the scheduled trial date. At the commencement of trial, Attorney Allen Gustafson, counsel for wife, stated he had received the appraisal report from Mr. Love, and was presenting said report in satisfaction of this Court's remand order. Husband objected and requested Mr. Love be available for the presentation of the report. After the trial court denied his request, husband requested a continuance. When the issue of Mr. Love's appearance arose a second time, the trial court told husband, "[Mr. Love] isn't here, so you call him the next time." T. at 37. Via Entry filed December 8, 1999, the trial court adopted the values set forth in Kenneth Love's appraisal report. Based upon said report, the trial court found the value of the goods held by wife to be $1,317, and the value of the goods held by husband to be $849. The trial court ordered both parties to retain the goods presently in their possessions as a full and final division of property. The trial court also awarded husband the sum of $85 due to wife's failure to transfer an antique rocking chair to husband. It is from this entry husband appeals, raising the following assignment of error:
 THE TRAIL COURT ERRED IN ENTERING JUDGMENT THAT IS NOT SUPPORTED BY PROPER EVIDENCE.
 I
Herein, husband maintains the trial court erred in issuing a full and final division of the parties' property as such judgment was based upon improper evidence. Specifically, husband takes issue with the trial court's adoption of the appraisal report because the appraiser was not present to testify and the appraisal report was neither properly authenticated nor admitted into evidence. R.C. 2317.39, which governs the admission of court-ordered reports provides, in pertinent part: Whenever an investigation into the facts of any case * * * is made, conducted, or participated in, directly or indirectly, by any court * * * or any other persons, and a report of such investigation is prepared for submission to the court, the contents of such report shall not be considered by any judge* * * either before the trial of the case or at any stage of the proceedings prior to final disposition thereof, unless the full contents of such report have been made readily available and accessible to all parties to the case or their counsel. The parties or their counsel shall be notified in writing of the fact that an investigation has been made, that a report has been submitted, and that the contents of the report are available for examination. Such notice shall be given at least five days prior to the time the contents of any report are to be considered by any judge of the court wherein the case is pending.* * *
This section does not apply only to the utilization of the contents of such reports as testimony, but shall prevent any judge from familiarizing himself with such contents in any manner unless this section has been fully complied with. (Emphasis added).
A review of the transcript reveals the requirements of R.C. 2317.39
were not followed. Husband did not receive a copy of the appraisal report until the commencement of the hearing. Attorney Gustafson advised the court the appraiser did not have access to husband's property until the evening before the hearing, thus resulting in the lateness of the receipt of the report. When the trial court questioned husband regarding this delay, husband explained he had been trying since the status conference to contact Kenneth Love, but to no avail. Because the trial court considered the appraisal report when the contents of said report were not available for examination by the parties "at least five days prior to the time" of the hearing, we find the report was inadmissible under R.C.2317.39. As such, the trial court's consideration of the appraisal report was improper and such should not have been used to value the parties' property. Husband's sole assignment of error is sustained.
The judgment of the Knox County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings consistent with law and this opinion.
 __________________ Hoffman, P.J.
Edwards, J. and Milligan, V.J. concur